STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO, CV-01-208

NANCY S. HUBER,

     Plaintiff

v.

DONNA L. WILLIAMS,
et al.,

     Defendants

DONALD L. GARBRECHT
LAW LIBRARY

SEP 18 2003

**DECISION ON MOTIONS
FOR SUMMARY JUDGMENT**

This matter comes before the court on the two motions for summary judgment brought by defendants J. Mitchell Flick, Esq. (Flick) and Oak Williams (Oak), and the two cross-motions for summary judgment brought by the plaintiff. There are also motions by both Flick and Oak to amend their answers. The Flick and Oak motions with corresponding plaintiff's motions will be considered separately below after a description of the facts.

**Facts**

In September of 1998, the plaintiff in this matter filed suit against Alan E. Williams alleging breach of contract and unjust enrichment as the result of timber harvesting operations by Williams on the plaintiff's property. This case was tried to a jury in January of 2000 and on January 31, 2000, this court ordered entry of judgment for the plaintiff in the amount of $49,055.28 based upon the jury's verdict. The present complaint, as amended, alleges that in the period between filing of the original complaint and the jury trial and in the period subsequent to the trial, there were fraudulent transfers by Alan Williams through or to his wife Donna, son Oak and

attorney Flick which were designed to avoid plaintiff's enforcement of her nearly $50,000 judgment.

At approximately the same time the plaintiff was filing her complaint for breach of contract in September of 1998, Alan Williams transferred real property in Vienna, Maine, to George B. Leber, with the purchase price of $144,000. After closing, Alan received net proceeds of $87,145.95. The following month, Alan used $34,000 of the proceeds to purchase real property in Chesterville, Maine (Chesterville property). Although Alan purchased the Chesterville property, he was not named in the deed. Also in October 1998, Alan transferred 13.76 acres in Vienna, Maine, (Vienna property) to Donna. Subsequently, in April 1999, Donna sold the Vienna property to Bruce W. Harnden for valuable consideration.

Regarding yet another parcel of real property, which is the subject of the pending motions, Alan used $12,500 of the Leber proceeds and other funds to purchase 10 acres in Vienna known as the "Egypt Pond property." The Egypt Pond property adjoins the Chesterville property. Alan transferred the Egypt Pond property to Donna in October 1998. On January 27, 2000, Donna transferred the Egypt Pond property to Flick at Alan's request, even though the property was no longer in Alan's name. The transfer came on the eve of trial with the plaintiff, in which Flick represented Alan. The transfer constituted an "in kind" payment to Flick for legal services he had already performed for Alan. Approximately a year later in January 2001, Flick sold the Egypt Pond property to the Williams' son Oak.

Flick notarized the Leber deed, drafted the deed for Alan's purchase of the Egypt Pond property, notarized the deed conveying the Egypt Pond property from Alan to Donna; and prepared the warranty deed transferring the Egypt Pond property from Donna to himself. Donna never tendered payment of any kind for the transfers of the

2

Vienna property, the Chesterville property, the Egypt Pond property, or any portion of the Leber proceeds. As a result, plaintiff alleges fraudulent transfer of property against Donna, Oak and Flick. Oak and Flick moved for summary judgment, and plaintiff cross-motions for summary judgment against each of them.

## Discussion

The transfers at issue for purposes of this motion are the transfer of the Egypt Pond property from Donna to Flick on January 27, 2000, and the transfer of the same property from Flick to Oak in January 2001. Both Flick and Oak have moved to amend their answers to allege as affirmative defense that they each took their transfer in "good faith," as recognized in 14 M.R.S.A. § 3579(1). Plaintiff Huber objects to these motions to amend as being untimely under the Scheduling Order and argues that both Flick and Oak have waived that defense by failure to plead it. With regard to Flick's initial answer, he did plead that he had given "fair and adequate consideration" for the transfer, and the "good faith" defense should come as no surprise to the plaintiff. Oak was less specific with regard to any affirmative defenses, but the fundamentals of a "good faith" defense were explored during the depositions of both Flick and Oak and again come as no surprise to the plaintiff. The court will grant the motion to amend the answers, however, as will be discussed below, it is not really necessary since the court finds that the motions for summary judgment must be granted for reasons other than the "good faith" argument.

At oral argument, counsel for the plaintiff observed that the entire relationship between Alan and Donna Williams, attorney Flick, and the Williams' son Oak "smells of bad faith." Alan had transferred several pieces of property to his wife Donna without consideration, Flick had been involved in arranging the various transfers, Donna transferred the Egypt Pond property to Flick on the eve of trial with the plaintiff

3

which resulted in judgment for the plaintiff and, finally, a year later Flick transferred the property to Oak with Alan acting as a middle man. The court agrees with counsel that these circumstances produce a certain aroma, but that is not the test as to whether there has been a fraudulent transfer.

The Uniform Fraudulent Transfer Act and accompanying Comment[1] make it clear that the purpose of the Act is to prevent a debtor from avoiding his or her creditors by transferring valuable property to a third-party. However, it is not intended to protect creditors from each other; that is, when the third-party transferee is himself a creditor of the transferor debtor. In her answers to Flick's statement of material facts, the plaintiff admitted that in the past Flick had provided legal services to Alan Williams for which Flick had accepted "in kind" payment such as earth moving services and firewood. Plaintiff also admitted that Donna transferred the Egypt Pond property to Flick in return for a discharge of $11,000 of the legal services that her husband Alan owed Flick. Finally, plaintiff admits that $11,000 was a reasonable value for the Egypt Pond Road property at the time it was conveyed to Flick. In other words, the undisputed facts in this regard show that regardless of the status of the transfer of the property between Alan and Donna, Alan (or Donna on Alan's behalf) paid a substantial amount of Flick's outstanding bill for legal services, through the "in kind" transfer of this property at a reasonable value.

In light of the payment aspects of the transfer to Flick, the transfer looks less like a transfer to a third-party to avoid creditors and more like a preferential payment of one creditor at the potential expense of another. Such a preference would probably be voidable by a Trustee in bankruptcy pursuant to 11 U.S.C. § 547. However, unlike the Bankruptcy Code, the Fraudulent Transfer Act does not have comparable provisions

---

[1] 14 M.R.S.A. § 3571 *et seq.*

4

and does not prevent preferential payment to creditors unless the creditor is also an "insider." (14 M.R.S.A. § 3576). Flick was Alan Williams' attorney and apparent friend, but he was not an "insider" as that term is defined for purposes of our statute. (14 M.R.S.A. § 3572(7)(A)).

In summary, a fair reading of the Fraudulent Transfer Act indicates that a transfer from a debtor to one creditor in payment of the debt would not be voidable (unless that creditor was an insider) even though in so doing the pool of the debtor's assets, or those of others available to him for the benefit of other creditors, is reduced. Williams owed Flick for legal services and paid him with the property Williams or his wife owned. That transfer was not a fraudulent as to Flick.

With regard to Oak's situation, the statute simply does not apply. Neither Flick nor Oak was a creditor or a debtor as to each other. It is true that Alan Williams' role as agent for his son, plus the fact that $1,000 of the purchase price seems to have ended up in his pocket, again give this transaction a suspicious odor. However, while denying that Flick transferred the Egypt Pond property to Oak for $9,000, the plaintiff acknowledges Oak's testimony that he paid $10,000. The answer to the difference is the $1,000, which Williams kept for himself, which does not negate the fact that Flick was paid a fair price for the property. Since the court has concluded that the transfer from Donna Williams to Flick was not a fraudulent transfer under the Act, Flick's sale of the property to Oak a year later likewise is not a fraudulent transfer.

For the reasons stated, the entries will be:

(1) Motions by defendants Mitchell Flick and Oak Williams to amend their answers are GRANTED.

(2) Motions for summary judgment by defendants Mitchell Flick and Oak Williams are GRANTED and summary judgment shall be ENTERED for Mitchell Flick on count II and Oak Williams on count III of the complaint.

5

(3) Plaintiff's cross-motions for summary judgment are DENIED.

Dated: September 5, 2003

S. Kirk Studstrup
Justice, Superior Court

NANCY S HUBER - PLAINTIFF
5140 NORTH VIA CONDESA
TUCSON AZ 85718
Attorney for: NANCY S HUBER
PETER BICKERMAN
PO BOX 897
37 GREEN STREET
AUGUSTA ME 04332-0897

Attorney for: NANCY S HUBER
GENE LIBBY
VERRILL & DANA
PO BOX 147
KENNEBUNK ME 04043


vs
DONNA L WILLIAMS - DEFENDANT

Attorney for: DONNA L WILLIAMS
DAVID SANDERS
PO BOX 271
LIVERMORE FALLS ME 04254

J MITCHELL FLICK - DEFENDANT

Attorney for: J MITCHELL FLICK
JAMES MITCHELL FLICK
79 MAIN ST
WINTHROP ME 04364

OAK WILLIAMS - DEFENDANT
25 FLORENCE RD. #53
BRANFORD CT
Attorney for: OAK WILLIAMS
WALTER HANSTEIN
JOYCE DAVID & HANSTEIN
107 MAIN STREET
PO BOX 31
FARMINGTON ME 04938-0031

NANCY HUBER - TRUSTEE

Filing Document: COMPLAINT                     Minor Case Type: OTHER CIVIL
Filing Date: 10/01/2001

## Docket Events:

10/01/2001 FILING DOCUMENT - COMPLAINT FILED ON 10/01/2001
          ATTACHED EXHIBITS A-K.

10/01/2001 ATTORNEY - RETAINED ENTERED ON 10/01/2001

10/01/2001 ATTORNEY - RETAINED ENTERED ON 10/01/2001

10/02/2001 ATTORNEY - RETAINED ENTERED ON 10/01/2001

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2001-00208

**DOCKET RECORD**